**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| **Cody Champagne on behalf himself of all others similarly situated under 29 U.S.C. § 216(b)** | |
| *Plaintiff,* | No. __4:19-cv-00028-DC-DF__ |
| **v.** | First Amended Collective Action Complaint |
| **Reata Restaurants Inc. and Reata Restaurants Management Co. LLC,** | |
| *Defendants.* | |

---

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

---

Cody Champagne ("Plaintiff") on behalf of himself and all others similarly situated[1] files this First Amended Complaint against Reata Restaurants Management Co. LLC and Reata Restaurants Inc. for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.    INTRODUCTION

1.    "There can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market." *Martinez, v. Behring's Bearings Service, Inc.*, 501 F.2d 104, 107 (5th Cir. 1974). Here, despite only paying its servers $2.13 per hour and its bartenders $5.15 per hour, Reata chooses to toy with its servers and bartenders' wages in defiance of the FLSA by requiring its

---

[1] As of July 15, 2019, in addition to the Named Plaintiff, there are twenty-two (22) opt-in Plaintiffs who have filed consents to join this action.

servers and bartenders to pay for a portion of Reata's costs of doing business.

2.      For instance, when presenting the dining bill to customers, Reata requires its servers and bartenders to present the bill to customers in a hand-made, leather check presenter and a Reata ink pen, which are both imprinted with Reata's name and logo. Despite Reata requiring its servers and bartenders to use the Reata-branded check presenters and ink pens, Reata does not bear the cost of these leather check presenters nor does Reata bear the cost of the Reata branded ink pens. Instead of Reata covering these costs of doing business, Reata chooses to illegally shift its costs of doing business to its servers and bartenders. *See Reich v. Priba Corp.*, 890 F. Supp. 586, 596 (N.D. Tex. 1995) ("The FLSA does not permit an employer to transfer to its employees the responsibility for the expenses of carrying on an enterprise."); *see also* 29 C.F.R. §§ 531.3(d)(2) and 531.32(c).

3.      The simple reason Reata chooses to illegally charge its servers and bartenders for the check presenters, ink pens, and its other business expenses (discussed below) is so Reata can increase its bottom line by illegally shifting its operating expenses onto the shoulders of its servers and bartenders that Reata only pays $2.13 and $5.15 per hour, respectively.

4.      Since other aggrieved employees exist that are similarly situated to Plaintiff, Plaintiff brings this action as a collective action under section 216(b) of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of himself and all other similarly situated employees.

## II.      PARTIES

5.      Plaintiff, Cody Champagne, is an individual and resident of Texas. Plaintiff was employed by Defendants as a server from approximately July 2018 until May 18, 2019. Plaintiff has consented to be a party-plaintiff to this action, as indicated by his notice of consent that was attached to the original Complaint and attached again, here, as "*Exhibit A*."

6.      Defendant, Reata Restaurants Management Co. LLC., is a Texas entity that is currently authorized to do business in Texas and is doing business in Texas. Reata Restaurants management Co. LLC is the name of the entity from which Plaintiff's paychecks are drawn. Reata Restaurants Management Co. LLC was served with summons and Plaintiff's original Collective Action Complaint on July 9, 2019. *See* Dkt. 17.

7.      Defendant, Reata Restaurants Inc., is a Texas corporation that is currently authorized to do business in Texas and is doing business in Texas. The restaurant's liquor license is in the name of Reata Restaurants Inc. Reata Restaurants Inc. was served with summons and Plaintiff's original Collective Action Complaint on July 9, 2019. *See* Dkt. 16.

### III.    CLASS DEFINITIONS

8.      Plaintiff brings Counts I, II, III, and IV of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following opt-in litigants:

> **All servers who worked at one or more of Defendants' restaurant locations and were paid a direct hourly wage of less than $7.25 per hour at any time since June 19, 2016 ("Server Class Members")**

9.      Plaintiff brings Counts I and II of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following opt-in litigants:

> **All bartenders who worked at one or more of Defendants' restaurant locations and were paid a direct hourly wage of less than $7.25 per hour at any time since June 19, 2016 ("Bartender Class Members")**

10.     The Server Class Members and Bartender Class Members are together referred to as the "Classes" or "Class Members."

11.     Plaintiff reserves the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), and thereafter, as necessary.

12. Class Members will "opt in" pursuant to Section 216(b) of the FLSA. *See* 29 U.S.C. § 216(b).

13. At all material times, Plaintiff and Class Members were "employees" of Defendants as defined in 29 U.S.C. § 203(e)(1) and relevant case law. *See e.g.*, *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993).

14. At all material times, Plaintiff and Class Members were all non-exempt under 29 U.S.C. § 213(a)(1).

## IV. JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over this matter because Plaintiff asserts claims arising under federal law. *See* 28 U.S.C. § 1331. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

16. This Court also has personal jurisdiction over each of the Defendants to this action inasmuch as each Defendants each reside in Texas and are employing Texas residents to work at Defendants' restaurants located in Texas.

17. Venue is proper in the Pecos Division of the United States District Court for the Western District of Texas under 29 U.S.C. § 1391(b)(1). Defendants own and operate the Reata restaurant location in Alpine, Texas. By way of its business located in Alpine, Texas, Defendants do substantial business in this district and division and are deemed to reside in Alpine, Brewster County, Texas. *See* 29 U.S.C. § 1391(d). Accordingly, venue in this Court is proper under 28 U.S.C. § 1391(b)(1).

## V. FLSA COVERAGE

18. Defendants own and operate the restaurants commonly known as Reata with locations in Alpine, Texas and Fort Worth, Texas.

19.     At all relevant times, Defendants have each, individually and jointly, acted directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

20.     At all times mentioned, Defendants have each, individually and jointly, been an "employer" with respect to Plaintiff and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21.     At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). During their employment, Plaintiff and Class Members waited on customers, took food and drink orders, processed credit card payments, answered questions regarding the menu, removed dinnerware from tables, and performed other tasks.

22.     At all relevant times, Defendants have operated as a "single enterprise" within the meaning of Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1). Defendants have been, through unified operation and common control, engaged in the performance of related activities for a common business purpose – namely, the operation of the Reata restaurants. *See Brennan* v. *Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.,* 23 F.3d 110, 113 *(*5th Cir. 1994). Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

23.     Defendants run each Reata restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location. The servers and bartenders at each Reata restaurant location are subject to the same policies and perform the same or similar job duties.

24.     Defendants advertise together on the same website,[2] share common management between restaurant locations, have similar ownership, and maintain the same principal office at: 1401 North Bowie Drive, Weatherford, Texas 76086.

## VI.     FACTS

25.     From approximately July 2018 until May 18, 2019, Plaintiff worked for Defendants as a server at the Reata restaurant located in downtown Fort Worth, Texas.

26.     As part of the payment scheme Defendants devised to pay Plaintiff and Class Members, Defendants paid Plaintiff and Class Members a direct hourly wage less than minimum wage of $7.25. Specifically, Defendants paid Plaintiff and Class Members $2.13 per hour as servers and $5.15 per hour as bartenders for all hours worked during their employment. Defendants' payment scheme relies on tips generated from customers to supplement Plaintiff and Class Members' subminimum hourly wage. In other words, Defendants rely on the tips generated from customers to supplement Plaintiff and Class Members' wages to bring their effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour.

27.     Defendants' practice of relying on customer tips to supplement its employees' subminimum hourly rate is known as taking "tip credit." *See* 29 U.S.C. § 203(m); *see Bernal v. Vankar Enters.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) ("Defendants, as the employers, bear the burden of proving that they are entitled to taking tip credits."). Here, it is the practice of

---

[2] https://www.reata.net/

Defendants to take a tip credit - rely on customer tips to supplement its' servers $2.13 hourly wage and its' bartenders' $5.15 hourly wage – to bring their effective rate of pay with tips included – up to the required minimum wage of $7.25 per hour.

28.     The use of the tip credit results in huge savings to Defendants because Defendants pay Plaintiff and Class Members at the significantly reduced wage of $2.13 per hour. These tips, which make up the overwhelming majority of Plaintiff and Class Members' total wages, do not come from Defendants, but rather these tips come directly from customers.

29.     Though, in utilizing the tip credit defense, the FLSA specifically sets forth the conditions that the employer must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool. *See* 29 U.S.C. § 203(m). "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

30.     If the employer fails to adhere to the very specific requirements of the FLSA, the employer loses its right to avail itself of the tip credit. *See Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer

to provide.")

31.     Defendants violated Section 203(m), an affirmative defense by 1) failing to notify Plaintiff, Server Class Members, and Bartender Class Members of the tip credit provisions; 2) requiring Plaintiff, Server Class Members, and Bartender Class Members to pay for Defendants' business expenses; 3) requiring Plaintiff and Server Class Members to contribute tips to an illegal tip pool; 4) requiring Plaintiff and Server Class Members to perform nontipped work while being paid less than minimum wage of $7.25 per hour. Therefore, based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206.

a.    **Server Class Members and Bartender Class Members (collectively, "Class Members")**

32.     Defendants did not inform Plaintiff and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b). If an employer fails to adhere to the FLSA's very specific requirements, it loses its right avail itself of the tip credit. *See Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.")

33.     In addition, it was Defendants' pattern and practice to shift its costs of doing business to Plaintiff and Class Members by requiring them to pay for various business expenses. Specifically, Defendants required each of its servers and bartenders – Plaintiff and Class Members – to pay for Reata-logoed ink pens, hand-made leather check presenters with Reata's logo, name tags, wine keys, pen lights, uniforms, and aprons. *See e.g., Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (holding that a general deduction for cash register shortages tends to "shift part of the employer's business expense to the employees" and is

impermissible if the deduction drops cuts into the statutory minimum wage).

34.     It was the pattern, practice, and policy for Defendants to charge its servers and bartenders - Plaintiff and Class Members - for each of the items mentioned in the preceding paragraph on a consistent and regular basis. It was Defendants' pattern and practice to require all of its servers and bartenders to pay for these items even though Defendants only paid its servers $2.13 per hour and bartenders $5.15 per hour.

35.     Defendants' pattern and practice of requiring Plaintiff and Class Members to pay for these expenses violates federal law as such is a retention of tips and violates condition two of 29 U.S.C. § 203(m). *See also,* 29 C.F.R. 531.3(d)(1), (2) & 29 C.F.R. 531.32(c).

**b.  Server Class Members**

36.     Defendants also required Plaintiff and Server Class Members to contribute tips to a tip pool at a rate of four percent (4%) of their sales. However, from this tip pool, a portion of Plaintiff and Server Class Members' tips were distributed to a manager, Marc McBride. While receiving a portion of Plaintiff and Server Class Members' tips, Mr. McBride had the authority to hire and fire employees, write employee work schedules, "comp" tickets, was given a manager login, and maintained other managerial authority over employees. The inclusion of Mr. McBride - a manager - in the tip pool is illegal. Therefore, Defendants policy of requiring Plaintiff and servers to contribute tips to this tip pool, a portion of which was distributed to a manager, violates condition two of 29 U.S.C. § 203(m).

37.     In addition, Reata also required Plaintiff and Server Class Members to work for $2.13 per hour while the restaurant was closed and there was no opportunity to earn tips. Specifically, Defendants required its servers– Plaintiff and Server Class Members – to perform non-tipped duties unrelated to their serving duties between Defendants' lunch and dinner hours

(2:00 p.m. to 5:00 p.m.), during which Reata was closed. Because Reata closes its restaurant between lunch and dinner from 2:00p.m. and 5:00 p.m., its servers – Plaintiff and Server Class Members - did not have an opportunity to earn tips while performing work during these hours, regardless of the type of work performed.

38.    During the hours that Reata was closed and while paying its servers $2.13 per hour, Reata required its servers - Plaintiff and Server Class Members – to perform nontipped duties unrelated to their tipped occupations such as setting up and tearing down private events, moving chairs and tables, taking out the trash, mopping, sweeping and vacuuming floors, and other duties unrelated to serving tables.

39.    Defendants illegally paid its servers - Plaintiff and Server Class Members – $2.13 per hour for all hours worked, including the hours Plaintiff and Server Class Members spent performing nontipped duties. *See Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work").

40.    Moreover, Defendants regularly and frequently required its servers – Plaintiff and Server Class Members – to perform a number of non-tipped duties related to their tipped occupation, including but not limited to wiping down tables, setting tables, busing tables, and other "side-work." These non-tipped duties related to Plaintiff and Server Class Members' tipped occupation exceeded twenty percent (20%) of their time worked during each workweek. *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the

full minimum wage for that time"). Defendants illegally paid its servers - Plaintiff and Server Class Members - a subminimum hourly wage for all hours worked, including the time that Plaintiff and Server Class Members spent performing nontipped duties.

**c.   Conclusion**

41.     Accordingly, based upon the illegal conduct of Defendants as set forth herein, Defendants are disavowed from using the tip-credit as a defense to the payment of the full minimum wage to pay Plaintiff, Server Class Members, and Bartender Class Members.

42.     Defendants actions have resulted in the forfeiture of their ability to rely on the "tip credit" and therefore, owe its servers and bartenders - Plaintiff and Class Members the full minimum wage plus other damages provided for under the FLSA for each and every hour worked.

43.     Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

44.     Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

45.     During the three-year period prior to this suit, Defendants have employed many other individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff. Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendants' compensation policies, Plaintiff brings this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated.

## VII.    COLLECTIVE ACTION ALLEGATIONS

### a.  Server Class Members

46.    Plaintiff brings Counts I, II, III, and IV of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the Server Class Members as defined above.

47.    Plaintiff and Server Class Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked for Defendants and were subject to Defendants' common business and compensation practices as described herein.  As a result of such practices, Plaintiff and Server Class Members have been victims of Defendants' practices in violation of the Section 203(m) tip credit and have not been paid the full and legally mandated minimum wage of $7.25 per hour for all hours worked as required by Section 206 of the FLSA.

48.    Specifically,  Defendants attempted to utilize the Section 203(m) tip credit by paying Plaintiff and Server Class Members a direct hourly wage that was less than $7.25 per hour. However, Defendants violated Section 203(m) of the FLSA by:

i.    Failing to inform Plaintiff and Server Class Members of the tip credit pursuant to 29 U.S.C. § 203(m) ("Count I");

ii.    Failing to allow Plaintiff and Server Class Members to retain all of their tips – specifically, Defendants failed to administer a lawful tip credit when it required Plaintiff and Server Class Members (who Defendants pay a subminimum hourly rate) to pay a portion of Defendants' business expenses ("Count II");

iii.    Failing to administer a legal tip pool when Defendants required Plaintiff

and Server Class Members to contribute to a tip pool of which a portion was shared with a manager ("Count III"); and

    iv.    Failing to compensate Plaintiff and Server Class Members at least the full minimum wage of $7.25 per hour to perform nontipped work ("Count IV")

49.    The similarly situated Server Class Members are known to Defendants, are readily identifiable, and their contact information can easily be located through Defendants' business and human resources records. These similarly situated Server Class Members may opt-in to this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for minimum wage deficiencies, liquidated damages (or, alternatively, interest), attorneys' fees, and costs under the FLSA.

**b.  <u>Bartender Class Members</u>**

50.    In addition to asserting Counts I, II, III, and IV on behalf of himself and the Server Class Members, Plaintiff also brings Counts I and II of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the Bartender Class Members as defined above.

51.    Plaintiff and Bartender Class Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked for Defendants and were subject to Defendants' common business and compensation practices as described herein. As a result of such practices, Plaintiff and Bartender Class Members have been victims of Defendants' practices in violation of the Section 203(m) tip credit and have not been paid the full and legally mandated minimum wage of $7.25 per hour for all hours worked as required by Section 206 of the FLSA.

52.    Specifically, Defendants attempted to utilize the Section 203(m) tip credit by

paying Plaintiff and Bartender Class Members a direct hourly wage that was less than $7.25 per hour. However, Defendants violated Section 203(m) of the FLSA by:

  v. Failing to inform Plaintiff and Bartender Class Members of the tip credit pursuant to 29 U.S.C. § 203(m) ("Count I"); and

  vi. Failing to allow Plaintiff and Bartender Class Members to retain all of their tips – specifically, Defendants failed to administer a lawful tip credit when it required Plaintiff and Bartender Class Members (who Defendants pay a subminimum hourly rate) to pay a portion of Defendants' business expenses ("Count II").

53. The similarly situated Bartender Class Members are known to Defendants, are readily identifiable, and their contact information can easily be located through Defendants' business and human resources records. These similarly situated Bartender Class Members may opt-in to this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for minimum wage deficiencies, liquidated damages (or, alternatively, interest), attorneys' fees, and costs under the FLSA.

## VIII.  COUNTS I AND II
### VIOLATION OF THE FLSA – MINIMUM WAGE
### (PLAINTIFF, SERVER CLASS MEMBERS, AND BARTENDER CLASS MEMBERS)

54. During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff, Server Class Members, and Bartender Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the full minimum wage rate of $7.25 per hour.

55. Section 206 of the FLSA requires employers to compensate employees at a rate of

not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). The use of the tip credit results in a huge savings to employers who, by utilizing the tip credit, are relieved of their obligation to pay the full minimum wage and are able to pay employees an hourly wage that is less than $7.25 per hour.

56.     "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

57.     Here, Defendants failed to follow federal law and violated Section 203(m) – an affirmative defense – in that Defendants (1) failed to inform Plaintiff, Server Class Members, and Bartender Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) failed to allow Plaintiff, Server Class Members, and Bartender Class Members to retain all of their tips – specifically, Defendants failed to administer a lawful tip credit when it required its servers and bartenders (who Defendants pay less than $7.25 per hour) to pay a portion of Defendants' business expenses. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions

of this subsection"); *Mayhue's Super Liquor Stores, Inc*, 464 F.2d at 1199 (holding that a general deduction for cash register shortages tends to "shift part of the employer's business expense to the employees" and is impermissible if the deduction drops cuts into the statutory minimum wage.).

58.     As a result of Defendants' policies, Defendants cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendants failed to follow federal law and violated Section 203(m) – an affirmative defense – in that Defendants unlawfully (1) failed to inform Plaintiff, Server Class Members, and Bartender Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) did not allow Plaintiff, Server Class Members, and Bartender Class Members to retain all of their tips by requiring Plaintiff, Server Class Members, and Bartender Class Members to pay for Defendants' business expenses.

59.     Defendants' illegal practices in violation of the FLSA (Counts I and II) have resulted in forfeiture of Defendants' ability to pay Plaintiff, Server Class Members, and Bartender Class Members pursuant to the "tip credit." Consequently, Defendants are liable to Plaintiff, Server Class Members, and Bartender Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

60.     Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendants' compensation policies, Plaintiff brings Counts I and II as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of himself and the Server Class Members and Bartender Class Members.

## IX.     Counts III and IV
### VIOLATION OF THE FLSA – MINIMUM WAGE
### (PLAINTIFF AND SERVER CLASS MEMBERS)

61.     In addition to the bases supporting Counts I and II as violating Section 203(m),

Plaintiff also asserts violations of Section 203(m) on behalf of himself and the Server Class Members due to Defendants' additional illegal actions in violation of federal law and Section 203(m) in that Defendants also 1) required Plaintiff and Server Class Members to share tips with a manager; and 2) required Plaintiff and Server Class Members to perform nontipped work while being paid $2.13 per hour. *See, e.g.,* 29 U.S.C. § 203(m); *Whitehead v. Hidden Tavern, Inc.*, 765 F.Supp.2d 878, 882–83 (W.D. Tex. 2011) (a tip pool that includes a manager is illegal and violates condition two of Section 203(m)); *Apple Illinois, LLC*, 739 F.3d at 1075 (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Applebee's Int'l, Inc.*, 638 F.3d at 880 ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

62. Defendants' illegal practices in violation of the FLSA (Counts I, II, III, and IV) have resulted in forfeiture of Defendants' ability to pay Plaintiff and Server Class Members pursuant to the "tip credit." Consequently, Defendants are liable to Plaintiff and Server Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

63. Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendants' compensation policies, Plaintiff brings Counts I, II, III, and IV as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of himself and the Server Class Members.

## X.    DAMAGES SOUGHT

64.    The foregoing paragraphs are fully incorporated herein.

65.    Plaintiff and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

66.    Plaintiff and Class Members are entitled to all of the misappropriated funds, including repayment of all expenses Defendants required Plaintiff and Class Members' to incur.

67.    Plaintiff and Class Members are entitled to reimbursement of the amounts Defendants charged Plaintiff and Class Members for items used in connection with their employment as servers for Defendants.

68.    Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages (including all misappropriated tips and illegal charges) as liquidated damages as Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

69.    Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## XI.    PRAYER

70.    Plaintiff prays for judgment against Defendants, jointly and severally, and in favor of Plaintiff and Class Members as follows:

    a.    For an order pursuant to section 216 of the FLSA finding Defendants liable for unpaid minimum wages due to Plaintiff (and those who may join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages due to Plaintiff (and those who may join in the suit);

    b.    For an order awarding Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

    c.    For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

e. For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
        Drew N. Herrmann
        Texas Bar No. 24086523
        *drew@herrmannlaw.com*

        **HERRMANN LAW, PLLC**
        801 Cherry St., Suite 2365
        Fort Worth, Texas 76102
        (817) 479-9229 – telephone
        (817) 887-1878 – fax
        ATTORNEYS FOR PLAINTIFF
        AND PROPOSED CLASS MEMBERS

CERTIFICATE OF SERVICE

I certify that on July 16, 2019 a true and correct copy of the above document will be mailed to Defendants as follows:

Reata Restaurants Inc.         *Via CMRR 7018 00040 0001 1167 3342*
c/o Cathy Snoddy
1401 North Bowie Drive
Weatherford, TX 76086

Reata Restaurants Management Co. LLC    *Via CMRR 7018 00040 0001 1167 3359*
c/o Cathy Snoddy
1401 North Bowie Drive
Weatherford, TX 76086

        */s/ Drew N. Herrmann*
        Drew N. Herrmann

DocuSign Envelope ID: E936C709-672D-45F5-A5A3-D37EFD50B4A9

# **<u>Notice of Consent</u>**



I, <u>Cody Champagne</u>, consent and agree to be a party-plaintiff to a lawsuit brought under the Fair Labor Standards Act for claims of unpaid wages against my former employer(s). I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree, and opt-in to become a party-plaintiff and be bound by any judgment of the Court or any settlement of this action. I also designate Herrmann Law, PLLC, its associated attorneys, and any other attorneys with whom they may associate ("the Attorneys") to prosecute my wage claims.

In the event the case is certified and then decertified, I authorize Herrmann Law, PLLC to use this Consent Form to re-file my claims in a separate or related action against my employer.

_DocuSigned by:_

B7BE7CBF8D574F5...

Signature

_____

Cody Champagne

Printed Name

6/5/2019

_____

Date